UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. PATTERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF'S OFFICE,<br><br>　　　　　Defendant.<br>_____/ | CASE NO.   1:12-CV-0132-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SEEK COMPENSATION FOR PUNITIVE DAMAGES AND MENTAL, MEDICAL RELIEF<br><br>(ECF No. 8) |

**I.   PROCEDURAL HISTORY**

On January 25, 2012, Plaintiff James Patterson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On February 15, 2012, Plaintiff filed the instant Motion to Seek Compensation for Punitive Damages and Mental, Medical Relief. (ECF No. 8.)  The Court interprets the motion as a request to amend the damage claim in Plaintiff's complaint.

**II.   APPLICABLE LAW**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court, or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a).

"Rule 15(a) is liberal and leave to amend shall be given when justice so requires. Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006)

(quoting Fed.R.Civ.P. 15(a)). "In determining whether to grant leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Bolbol v. City of Daly City, 754 F.Supp.2d 1095, 1119 (N.D.Cal. November 17, 2010) (citing Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004)).

Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible. Local Rules for the United States District Court - Eastern District of California, Rule 220.

### III.   ANALYSIS

Plaintiff's Motion to amend is deficient in several respects.

The proposed amendment is not a complete in and of itself. As noted, amended pleadings must be complete within themselves without reference to another pleading. Any pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50. Here, Plaintiff improperly asks to file an amendment to his underlying pleading or a partial amendment.

The proposed amendment, if intended to supplement the Complaint, fails because it may not "supplement" as to events,occurring prior to the date of the Complaint. Fed.R.Civ.P 15 (d).

No responsive pleading or motion has been filed in this matter. Plaintiff, at the present time, is not required to seek leave of the Court in order to file an amended complaint that complies with the requirements noted above.

**IV.     ORDER**

Accordingly, for the foregoing reasons, it is ORDERED that Plaintiff's Motion to Seek Compensation for Punitive Damages and Mental, Medical Relief, (ECF No. 8), is DENIED.

IT IS SO ORDERED.

Dated:     February 26, 2012                     /s/ *Michael J. Seng*
                                                                     UNITED STATES MAGISTRATE JUDGE