# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. PATTERSON, | CASE NO. 1:12-CV-0132-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NO. 11) |
| KERN COUNTY SHERIFF'S OFFICE, et al. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

## SCREENING ORDER

### I.  PROCEDURAL HISTORY

Plaintiff James R. Patterson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 25, 2012 pursuant to 42 U.S.C. § 1983 alleging excessive force and medical indifference. (ECF No. 1.) The Court dismissed the Complaint for failure to state a claim, but allowed Plaintiff leave to file an amended complaint (ECF No. 10). Plaintiff filed his First Amended Complaint on March 19, 2012 (ECF No. 11.)  It is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff was incarcerated at the Ledro Pretrial Detention Center in Bakersfield, California ("Ledro"), during the events alleged. (First Am. Compl. p. 2, ECF No. 11.) He was in mechanical restraints in the suicide tank when he "tried to make [himself] comfortable by slipping the chains around [his] waist to bring [his] hands under [his] head. [He] fell asleep." (First Am. Compl. at 3.) He awakened to a corrections officer kneeing and kicking him. (Id.) He offered no resistance. (Id. at 3-4) He was pepper sprayed and fell and

hit his head. (Id. at 4.) He was given a shower and his cell was cleaned, but the pepper spray burning sensation lasted for several hours. (Id.) He since has suffered infections, gone through two pairs of glasses and suffered nightmares causing fear of sleeping. (Id. at 5.)

Defendants named are (1) the Kern County Sheriff's Office, (2) Sergeant McMasters, (3) Mrs. Grimm, (4) Mr. Miller, and (5) other officers unknown. (Id. at 3.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

////

**B.     Municipal Liability**

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). A local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

A local government unit can be held liable under § 1983 under three theories. First, where the implementation of official policies or established customs, causes the constitutional injury. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010). Second, where acts or omissions causing the constitutional injury amount to official policy of the municipality. Id. at 1249. Finally, where an official has ratified the unconstitutional decision or action of an employee of the municipality. Id. at 1250. "A custom can be shown or a policy can be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" Pierce v. County of Orange, 526 F.3d 1190, 1211 (9th Cir. 2008).

A policy can be one of action or inaction and "is defined as 'a deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" Waggy, 594 F.3d at 713 (quoting Monell, 436 U.S. at 690).

To find a municipality liable for a failure to act, the plaintiff must show that an employee of the municipality violated his constitutional rights, that the customs or policies of the municipality amount to deliberate indifference, and those "customs or policies were


the moving force behind" the violation of plaintiff's constitutional rights. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1186 (9th Cir. 2006). For a custom or policy to be the moving force behind the constitutional violation, it must be "closely related to the ultimate injury." <u>Long</u>, 442 F.3d at 1190.

Plaintiff fails again to allege any facts supporting municipal liability. The First Amended Complaint does not identify any specific policy, widespread practice, or ratified conduct that was the moving force behind the alleged violation.

Although Plaintiff previously was advised of the deficiencies of his pleading in this regard and of what was necessary to correct them, he apparently was not able to do so. No useful purpose would be served by again advising him of the defects and applicable law and giving him another chance to amend to assert municipal liability.

### C.     Personal Participation

Under § 1983, Plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. <u>Iqbal</u>, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." <u>Id.</u> at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. <u>Id.</u> at 1948–49.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe

defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff has added individually named Defendants to his First Amended Complaint, but fails to allege facts showing how each personally violated or knowingly directed a violation of his rights. As noted, Plaintiff may not proceed against individual defendants unless he identifies them or names them as Doe defendants and describes how each *personally* violated, or knowingly directed a violation of, his constitutional rights.

Plaintiff is advised that any named Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the defendants' actual names. The burden remains on Plaintiff to promptly discover the full names of Doe defendants. Id.

**D.    Excessive Force**

Plaintiff alleges that Defendant used excessive force against him in violation of the constitutional right to be free of such force.[1]

The analysis of an excessive force claim brought pursuant to § 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application

---

[1] It remains unclear from the pleadings whether Plaintiff had been convicted of a crime at the time of the alleged violations. Claims for excessive force, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under the Fourteenth Amendment reasonableness standard. Gibson v. County of Washoe, 290 F.3d 1175, 1185–86 (9th Cir. 2002); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Claims for excessive force, when brought by a prisoner who has been charged and convicted, are analyzed under the Eighth Amendment cruel and unusual punishments standard. Wilkins v. Gaddy, ——U.S. ——, ——, 130 S.Ct. 1175, 1178 (2010).

of force." Graham v. Connor, 490 U.S. 386, 394 (1989).

The Due Process Clause of the Fourteenth Amendment protects detainees from the use of excessive force. Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir. 1991) (quoting Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)). In resolving a substantive due process claim, courts must balance "several factors focusing on the reasonableness of the officers' actions given the circumstances." White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990) (quoting Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987)) (overruled on other grounds). In the White case, the Ninth Circuit articulated four factors that courts should consider in resolving a due process claim alleging excessive force. The factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. White 901 F.2d at 1507.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, ——U.S. ——, ——, 130 S.Ct. 1175, 1178 (2010); See Hudson v. McMillian, 503 U.S. 1, 8–9 (1992); see also Bell v. Wolfish, 441 U.S. 520, 535 (1979). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison

guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10.

Whether force used by prison officials was excessive for purposes of the Eighth Amendment is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6–7. A court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. Whitley v. Albers, 475 U.S. 312, 321 (1976). The absence of significant injury alone is not dispositive of a claim of excessive force. Wilkens, 130 S.Ct. at 1176–77; See Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991) (unprovoked and unjustified attack on prisoner violates constitution regardless of degree of injury).

Plaintiff was in mechanical restraints when, he alleges, Defendants kicked, twisted and pepper sprayed him. Such force may be unreasonable and constitute excessive force where unnecessary and unjustified under the circumstances. However, Plaintiff again fails to provide sufficient information to enable the Court to evaluate whether the facts would support a claim of unnecessary and unjustified force. In this regard proper evaluation would necessitate information as the nature of and asserted purpose for the mechanical restraints and Plaintiff's repositioning of them, the specific events immediately leading up to the guards actions, the amount and duration of force applied, and Plaintiff's response to the

force. The existing pleading leaves open the possibility that the force used may have been an appropriate response to a reasonable belief that Plaintiff was attempting to hurt himself or to free himself from the restraints or simply a response to a violent reaction from a suddenly awakened Plaintiff.

Courts have found a excessive force claim where an officer uses pepper spray without warning on an inmate who may have questioned his actions but who otherwise poses no threat, Treats v. Morgan, 308 F.3d 868, 873 (8th Cir. 2002), but not where guards administer a single shot of pepper spray as a proportionate response when inmate becomes agitated and refuses to obey orders. Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009); see also Fennell v. Gilstrap, 559 F.3d 1212, 1217, (11th Cir. 2009) (finding a jailor's kick to pretrial detainee's face, resulting in fractures, not to be excessive force under the Fourteenth Amendment where inmate was struggling with other officers and had not yet been secured, and officers immediately offered medical care, the court there noting "use of force does not 'shock the conscience' if it is applied in 'a good-faith effort to maintain or restore discipline.'")

The Court will grant Plaintiff **one final opportunity** to amend this claim. In order to state a cognizable claim for excessive force in an amended complaint, Plaintiff must provide truthful facts, not just speculation or suspicion, that support the allegation that, under the circumstances, each named defendant acted unreasonably, maliciously, sadistically, and motivated by a desire to cause harm to Plaintiff. See Dennis v. Huskey, 2008 WL 413772, *4, *5 (E.D.Cal. Feb.13, 2008) (plaintiff provided sufficient factual detail to support the allegation that the defendant slammed the food port door shut maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore

discipline). Plaintiff must also describe in detail what injury, if any, he experienced as a result.

### E. Indifference to Medical Needs

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs resulting from the use of force.[2] "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)), (overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)) (quoting Estelle, 429 U.S. at 104). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendant(s) "[knew] of and disregard[ed] an

---

[2] As noted, it remains unclear from the pleadings whether Plaintiff had been convicted of a crime at the time of the alleged violations. As a detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). While detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The law applicable to Plaintiff's medical indifference claim is the same regardless of his custody status.

-10-

excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. Farmer, 511 U.S. 825 at 837-42. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

"Serious Medical needs" encompass conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated, those that result in needless pain and suffering when treatment is withheld and those that have been diagnosed by a physician as mandating treatment." Scarver v. Litscher, 371 F.Supp.2d 986, 999 (W.D.Wis. 2005) (citing Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997)). See McGuckin, 974 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

Plaintiff fails properly to allege serious medical need. He claims he hit his head and that the pepper spray caused a burning sensation.  No facts before the Court demonstrate that these injuries were life threatening, significant if untreated, chronically painful, or interfered with daily activities. Plaintiff has failed to allege a serious medical need sufficient


to satisfy the first prong of deliberate indifference.

More significantly, there are no facts plausibly demonstrating that Defendants were deliberately indifferent to Plaintiff's medical needs. His pleadings suggest just the opposite. After being sprayed he received a hot shower and his cell was cleaned. (First Am. Compl. at 4.) Nothing before the Court demonstrates that Defendants were aware of a serious medical need and then intentionally denied, delayed, or interfered with treatment, so as to state a claim for deliberate indifference. See Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998) (a prisoner must allege that prison officials actually drew the inference between the [medical condition] and a specific risk of harm). See Reyes v. McGrath, 444 Fed. Appx. 126, 127 (9th Cir. 2011) (deliberate indifference stated where, following use of pepper spray, inmate displays symptoms of harmful effects, defendants were aware of these symptoms, and refused to provide showers or medical care).

Plaintiff's belief that he has suffered infections and vision changes secondary to being pepper sprayed, however sincerely held, are speculative, conclusory and factually unsupported. See Bumpus v. Canfield, 495 F.Supp.2d 316, 322 (W.D.N.Y. 2007) (prison physician's delay of several days in dispensing inmate's medication did not demonstrate deliberate indifference to inmate's serious medical needs, where there was no evidence that inmate experienced any complications during the time he was waiting for his prescription to be refilled); see also McGuckin, 974 F.2d at 1060 (where delay in treatment is alleged as basis for deliberate indifference, the prisoner must also demonstrate that the delay led to further injury); see also Jackson v. Meachum, 699 F.2d 578, 583 (1st Cir.1983) ("[to] make the Eighth Amendment a guarantor of a prison inmate's prior mental health ... would go measurably beyond what today would generally be deemed 'cruel and unusual'").

Plaintiff's attribution of staph infections and long-term vision problems from the spray appears to be pure speculation on the part of a lay person without medical training; Plaintiff has referred to no medical evidence supporting his suspicions in this regard.

Plaintiff fails to state a medical deliberate indifference claim against Defendants. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

For the same reasons stated above, the Court concludes that no useful purpose would be served in allowing Plaintiff leave to amend this claim.

### F.     Relief for Mental or Emotional Injury

Pursuant to 42 U.S.C. § 1997e(e), the law is clear that, "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In the absence of any allegation of facts showing actual injury, the Plaintiff also has failed to allege a claim which amounts to a constitutional violation. See e.g., White v. Simpson, 2005 WL 425264 (N.D.Tex. Feb.22, 2005) ("Despite his conclusory and self-serving assertion that outdoor exercise is essential to preserve health, plaintiff did not suffer any physical injury due to the lack of recreation. Under these circumstances, there is no constitutional violation.").

## V.     CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff one more opportunity to file an amended excessive force complaint consistent with this screening order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed March 19,

-14-

2012;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   March 28, 2012              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE