# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. PATTERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>        Defendants. | CASE NO. 1:12-cv-00132-MJS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE SECOND AMENDED COMPLAINT<br><br>(ECF NO. 13) |

       Plaintiff James R. Patterson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 25, 2012 pursuant to 42 U.S.C. § 1983 alleging excessive force and medical indifference. (Compl., ECF No. 1.) The Court dismissed the Complaint for failure to state a claim, but allowed Plaintiff leave to file an amended complaint. (Order Dismiss. Compl., ECF No. 10.) Plaintiff filed a First Amended Complaint (First. Am. Compl., ECF No. 11) which was also dismissed for failure to state a claim, with leave to amend as to the excessive force claim only. (Order Dismiss. First Am. Compl., ECF No. 12.) Plaintiff filed a Second Amended Complaint (Second Am. Compl., ECF No. 14) which has not yet been screened.

       Before the Court is Plaintiff's Motion for Relief for Compensation for Punitive Damages for Medical and Mental Pain and Suffering (Motion for Relief, ECF No. 13), which the Court construes as a motion to supplement the Second Amended Complaint. So construed, the motion is denied on the following grounds.

-1-

Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible. Local Rules for the U.S.D.C. Eastern District, Rule 220. Plaintiff's Motion for Relief is not a complete amended pleading. As noted, amended pleadings must be complete within themselves without reference to another pleading. Any pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50. Plaintiff may not "supplement" as to events occurring prior to the date of the Second Amended Complaint. Fed.R.Civ.P 15(d). Here, Plaintiff improperly asks to file an amendment to his underlying pleading or a partial amendment.

Plaintiff's Second Amended Complaint is in line for screening. The Court has a large number of prisoner civil rights cases pending before it and will screen Plaintiff's Second Amended Complaint in due course.

Accordingly, for the foregoing reasons, it is ORDERED that Plaintiff's Motion for Relief for Compensation for Punitive Damages for Medical and Mental Pain and Suffering (ECF No. 13) construed as a motion to supplement the Second Amended Complaint is DENIED.

IT IS SO ORDERED.

Dated: April 20, 2012            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE