UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. PATTERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.<br><br>　　　　　Defendants.<br>_____ / | CASE NO.   1:12-CV-0132-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 14)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**THIRD SCREENING ORDER**

**I.　PROCEDURAL HISTORY**

Plaintiff James R. Patterson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 25, 2012 pursuant to 42 U.S.C. § 1983 alleging excessive force and medical indifference. (Compl., ECF No. 1.) The Court dismissed the Complaint for failure to state a claim, but allowed Plaintiff leave to file an amended complaint. (Order Dismiss. Compl., ECF No. 10.) Plaintiff filed a First Amended Complaint (First. Am. Compl., ECF No. 11) which also was dismissed for failure to state

-1-

a claim, with leave to amend solely as to the excessive force claim. (Order Dismiss. First Am. Compl., ECF No. 12.) Plaintiff filed a Second Amended Complaint (Second Am. Compl., ECF No. 14) which is now before the Court for screening. Plaintiff also has filed a document entitled Motion for Relief for Compensation for Punitive Damages for Medical and Mental Pain and Suffering (Mot. for Relief, ECF No. 13) containing facts which, if included in an amended complaint, could be relevant to his claims.[1]

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

---

[1] The Court construed the Motion for Relief as a motion to supplement the Second Amended Complaint and denied the Motion for Relief on April 23, 2012. (Order Den. Mot., ECF No. 15.)

### III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff's Second Amended Complaint contains lengthy legal citations but few facts. It shows Plaintiff was incarcerated in the Ledro Pretrial Detention Center in Bakersfield, California ("Ledro") on September 5, 2011, under suicide protection in the "infirmary suicide tank". (Second Am. Compl. at 3.) He had been placed in mechanical (chains) restraints by Ledro corrections employees, Defendants Miller and Grimm. (Id.) Defendant Miller awakened him with a knee to his legs and a boot to his face. (Id.) Plaintiff offered no resistance. (Id.) Defendant McMasters sprayed him continuously with foam pepper spray from head to toe. (Id.) He was left in the suicide tank, in chains, suffering a burning sensation from the spray. (Id.)

He names as Defendants the following Kern County Sheriff's Department employees (1) McMasters, Corrections Sergeant, (2) Miller, Detention Officer, (3) Grimm, Detention Officer.[2]

He seeks monetary relief.

### IV. ANALYSIS

#### A. Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

---

[2] Plaintiff references a "4th unknown" defendant (Second Am. Compl., at 3), but fails to name this unknown defendant as a "Doe" defendant.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.     Personal Participation

To state a claim under § 1983, Plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: Those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff may not proceed against individual defendants unless he identifies them or names them as Doe defendants and describes how each *personally* violated, or knowingly directed a violation of, his constitutional rights.

Plaintiff also is advised that no named Doe defendant can be served by the United States Marshal until Plaintiff has identified him or her as an actual individual and amended his complaint to substitute the defendant's actual name. The burden remains on Plaintiff to promptly discover the full names of Doe defendants. Id.

**C.     Excessive Force**

Plaintiff reiterates his claim Defendants used excessive force against him in violation of the constitutional right to be free of such force.[3]

The analysis of an excessive force claim brought pursuant to § 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham, 490 U.S. at 394.

The Due Process Clause of the Fourteenth Amendment protects detainees from the use of excessive force. Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir. 1991) (quoting Graham, 490 U.S. at 395 n.10). In resolving a substantive due process claim, courts must balance "several factors focusing on the reasonableness of the officers' actions given the circumstances." White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990) (quoting Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987)) (overruled on other

---

[3] It remains unclear from the pleadings whether Plaintiff had been convicted of a crime at the time of the alleged violations. Claims for excessive force, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under the Fourteenth Amendment reasonableness standard. Gibson v. County of Washoe, 290 F.3d 1175, 1185–86 (9th Cir. 2002); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Claims for excessive force, when brought by a prisoner who has been charged and convicted, are analyzed under the Eighth Amendment cruel and unusual punishments standard. Wilkins v. Gaddy, –––U.S. ––––, ––––, 130 S.Ct. 1175, 1178 (2010).

grounds). In the White case, the Ninth Circuit articulated four factors that courts should consider in resolving a due process claim alleging excessive force. The factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. White 901 F.2d at 1507.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins, 130 S.Ct. at 1178; Hudson v. McMillian, 503 U.S. 1, 8–9 (1992); see also Bell v. Wolfish, 441 U.S. 520, 535 (1979). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10.

Whether force used by prison officials was excessive for purposes of the Eighth Amendment is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6–7. A court must look at the need for application of force; the relationship between that need and

the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. Whitley v. Albers, 475 U.S. 312, 321 (1976). The absence of significant injury alone is not dispositive of a claim of excessive force. Wilkens, 130 S.Ct. at 1176–77; See Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991) (unprovoked and unjustified attack on prisoner violates constitution regardless of degree of injury).

Here Plaintiff "slid" his restraining chains, fell asleep and was awakened with the application of force described above. He allegedly offered no resistance. Force may be unreasonable and constitute excessive force where unnecessary and unjustified under the circumstances. Plaintiff's Second Amended Complaint provides little if any factual detail regarding the nature of the mechanical restraints and his repositioning of them, the specific events immediately leading up to the use of force, what may have triggered Defendants' actions, the amount and duration of force applied, injuries suffered, and the length of time he had to wait before he was allowed to decontaminate and receive treatment. As previously noted, the force used here may have been appropriate and not excessive if, for example, Defendants reasonably perceived that Plaintiff, having repositioned his restraints, was attempting suicide or attempting to free himself.

Courts have found a cognizable excessive force claim where an officer used pepper spray without warning on an inmate who may have questioned his actions but who otherwise posed no threat, Treats v. Morgan, 308 F.3d 868, 873 (8th Cir. 2002), and where an inmate was sprayed with mace for no apparent reason (Griffin v. Murphy, 889 F.Supp. 349, 350 (E.D. Wis. 1995), but not where guards administer a single shot of pepper spray

as a proportionate response when inmate becomes agitated and refuses to obey orders. Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009); see also Fennell v. Gilstrap, 559 F.3d 1212, 1217, (11th Cir. 2009) (finding a jailor's kick to pretrial detainee's face, resulting in fractures, not to be excessive force under the Fourteenth Amendment where inmate was struggling with other officers and had not yet been secured, and officers immediately offered medical care, the court there noting "use of force does not 'shock the conscience' if it is applied in 'a good-faith effort to maintain or restore discipline.'")

Plaintiff has twice before been advised of the deficiencies in his pleading and given an opportunity to correct them. Normally, the Court would see no point in granting yet another opportunity to correct the same deficiencies. However, as noted, Plaintiff's Motion for Relief alludes to some facts which, if included in an amended complaint, might address shortcomings discussed herein. Accordingly, the court will give Plaintiff one **final** opportunity to amend and include information described herein which is essential to a valid claim.[4] In order to state a cognizable claim for excessive force in an amended complaint, Plaintiff must provide truthful facts, not just speculation or suspicion, that support the allegation that, under the circumstances, each named defendant acted unreasonably, maliciously, sadistically, and motivated by a desire to cause harm to Plaintiff. See Dennis v. Huskey, 2008 WL 413772, *4, *5 (E.D.Cal. Feb.13, 2008) (plaintiff provided sufficient factual detail to support the allegation that the defendant slammed the food port door shut maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to

---

[4] Plaintiff's Motion for Relief (ECF No. 13) was denied (see n.1), accordingly the contents of the Motion for Relief have not been considered in evaluating the cognizability of the Second Amended Complaint.

maintain or restore discipline). Plaintiff must also describe in detail what injury, if any, he experienced as a result.

## V. **CONCLUSION AND ORDER**

Plaintiff's Second Amended Complaint does not state a claim for relief for excessive force under § 1983. The Court will grant Plaintiff one more opportunity to file an amended complaint for excessive force consistent with this screening order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended

complaint should be clearly and boldly titled "Third Amended Complaint", refer to the appropriate case number and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Second Amended Complaint filed April 16, 2012,

2. Plaintiff's Second Amended Complaint is dismissed for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: April 26, 2012        /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE