# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. PATTERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00132-LJO-MJS (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**(ECF No. 35)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION TO DISMISS** |

　　Plaintiff James R. Patterson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter proceeds on the THIRD amended complaint excessive force claim against Defendants McMasters and Miller. (ECF No. 23.)

　　On September 5, 2013, Defendants filed a motion to dismiss the action under the unenumerated provisions of Federal Rule of Civil Procedure 12(b) asserting that Plaintiff failed to exhaust administrative remedies. (ECF No. 35.) Plaintiff was required to file an opposition or a statement of non-opposition by not later than September 30, 2013. Local Rule 230(*l*). The September 30, 2013 deadline has passed without Plaintiff responding or seeking an extension of time to do so.

　　The Court will give Plaintiff one further opportunity to respond to the motion: Plaintiff must file an opposition or a statement of non-opposition to Defendants' motion to

1

dismiss within twenty-one (21) days from the date of service of this order.

Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion to dismiss:

1. Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule 230(*l*).

2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion to dismiss. Local Rule 230(*l*). If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute. The opposition or statement of non-opposition must be filed not more than twenty-one (21) days after the date of service of this order. Id.

3. Defendants have filed a motion to dismiss for failure to exhaust the administrative remedies as to one or more claims in issue. The failure to exhaust the administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss. Wyatt, 315 F.3d at 1119, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). In deciding a motion to dismiss for failure to exhaust, the Court will look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119–20, quoting Ritza, 837 F.2d at 368. If the Court concludes that Plaintiff has not exhausted the administrative remedies, the unexhausted claims must be dismissed and the Court will grant the motion to dismiss. Wyatt, 315 F.3d at 1120. If all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims. Jones v. Bock, 549 U.S. 199, 219–224 (2007). A dismissal for failure to exhaust is without prejudice. Wyatt, 315 F.3d at 1120.

4. In responding to Defendants' unenumerated 12(b) motion to dismiss for failure to exhaust the administrative remedies, Plaintiff may not simply rely on allegations in the pleading. Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies.[1] See Fed. R. Civ. P. 43(c); Ritza, 837 F.2d at 369. If Plaintiff does not submit his own evidence in opposition, the Court may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole or in part.

5. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

6. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

IT IS SO ORDERED.

Dated:  January 10, 2014                   /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is competent to testify. 28 U.S.C. § 1746. A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." Id.

3