# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. PATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00132-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 39)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

    Plaintiff James R. Patterson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter proceeds on a Third Amended Complaint excessive force claim against Defendants McMasters and Miller.

    On September 5, 2013, Defendants filed a motion to dismiss the action under the unenumerated provisions of Federal Rule of Civil Procedure 12(b) asserting that Plaintiff failed to exhaust administrative remedies. Plaintiff was required to file an opposition or a statement of non-opposition by not later than September 30, 2013. Local Rule 230(*l*). The September 30, 2013 deadline passed without Plaintiff responding or seeking an extension

1

of time to do so.

On January 13, 2014, the Court ordered Plaintiff to file opposition to Defendants' Motion by not later than February 6, 2014.[1] The February 6, 2014 deadline passed without Plaintiff responding or seeking an extension of time to do so. Plaintiff has not obeyed the Court's January 13, 2014 order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

---

[1] Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court notified Plaintiff of rights and requirements for opposing Defendants' Motion to Dismiss.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action which arose over two years ago. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor - public policy favoring disposition of cases on their merits - is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Plaintiff has failed to oppose Defendants' Motion to Dismiss notwithstanding that he was given additional time to do so. This is a reasonable basis to conclude Plaintiff is unable to make a showing in opposition. See 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b); Local Rule 230(*l*). Plaintiff was expressly advised by the Court that failure to file an opposition or a statement of non-opposition may result in dismissal of the action with prejudice, for failure to prosecute. (Order, ECF No. 39, at 2:8-10.)

Having balanced all relevant factors, the undersigned finds they weigh in favor of dismissal and accordingly HEREBY RECOMMENDS that this action be DISMISSED WITH PREJUDICE based on Plaintiff's failure to obey the Court's order and failure to prosecute.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v.

Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  February 11, 2014              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE